*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA* | ) | |
| | ) | |
| *v.* | ) | *Criminal No. 05-105-P-H-01* |
| | ) | |
| *BILLY SANTANA,* | ) | |
| | ) | |
| *Defendant* | ) | |

*RECOMMENDED DECISION ON MOTION TO SUPPRESS*

The defendant, Billy Santana, moves to suppress "any and all evidence found, seized or obtained in violation of the defendant's rights under the Fourth Amendment, including the fruits of any such evidence." Defendant's Motion to Sup[p]ress Evidence (Docket No. 170) at 1. In addition to the single sentence requesting this relief, the motion provides, in its entirety:

> In support of his Motion, the defendant shows as follows:
>
> 1. Based on discovery provided to date, defendant contends that the following evidence is or may be subject to such suppression:
>    a. Any and all evidence observed or seized from a hotel room at the Chalet Motel in Lewiston, Maine on or about May 3, 1998;
>    b. Any and all evidence observed or seized in or from a room that was being or had been occupied by the defendant at the premises of Craig Bouthot and located at 63 Park Street, which room apparently was searched on or about August 17, 1998; and
>    c. Any and all evidence that was observed or seized from 38 Union Street, Lewiston, Maine, on or about November 14, 1998, which premises apparently were . . . searched pursuant to a search warrant.
>
> 2. Defendant contends that the searches identified in sub-paragraphs 1(a) and 1(b) were unreasonable, were or may have been conducted without the defendant's consent and without any search warrant in violation of the Fourth Amendment.
>
> 3. The defendant has not been able to identify in the discovery provided to date the search warrant or the application for a search warrant that served

>as the apparent basis for the search identified in paragraph 1(c) above; and defendant believes it is likely that the search warrant itself was a fruit of the improper searches identified above and that preceded it in time.
>
>4. Defendant reserves the right to add additional bases to this motion to suppress and to seek the suppression of additional evidence, if and when the government identifies evidence that it claims it obtained from or that the government in fact obtained from the defendant or his property or premises.

*Id*. at 1-2.

The government in response "asks the Court to summarily deny the motion given the lack of a memorandum of law and any specificity whatsoever that would put a fact in issue to warrant an evidentiary hearing or allow the Government to respond in anything but speculative, shot-gun fashion guessing upon which facts and doctrine of law the Defendant intends to rely." Government's Consolidated Response and Objection to Defendant's Motions to: . . . (5) Suppress Evidence, etc. ("Opposition") (Docket No. 187) at 17.

The First Circuit instructs that "a criminal defendant who seeks an evidentiary hearing on a motion must, at the very least, carry an entry-level burden by making a sufficient threshold showing that material facts are in doubt or in dispute." *United States v. McAndrews*, 12 F.3d 273, 280 (1st Cir. 1993) (citation and internal punctuation omitted). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." *United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir. 1990) (citation omitted). Further,

>[e]videntiary hearings on motions to suppress are required only when a defendant makes a sufficient showing that a warrantless search has occurred. To make this showing the defendant must allege facts, sufficiently definite, specific, detailed and nonconjectural, to enable the court to conclude that a substantial claim is presented. The defendant must allege facts that, if proven, would entitle him to relief.

*United States v. Lewis*, 40 F.3d 1325, 1332 (1st Cir. 1994) (citations and internal punctuation omitted). Conclusory allegations that the police lacked probable cause or a reasonable articulable suspicion of criminal activity are not enough. *Id*.

Here, the defendant offers nothing but conclusory and speculative allegations about the three searches that are the subject of his motion. "A district court need not grant an evidentiary hearing on a motion merely because a defendant's hopes spring eternal or because a defendant wishes to mount a fishing expedition." *McAndrews*, 12 F.3d at 280. It is only the government in this case that has presented definite, specific, detailed factual information. Opposition at 19-36. The defendant did not even file a reply to the government's response. The defendant cannot ignore the opportunity to demonstrate the existence of a substantial dispute that is presented by this court's Local Rule 147(c) and still be entitled to an evidentiary hearing on the basis of the less than minimal showing made in his motion itself. As another court has noted in denying a motion to suppress without holding an evidentiary hearing:

> Suppression of evidence is not appropriate merely upon a defendant's conclusory, non-particularized allegations of unlawful official behavior. In substance, a defendant must set forth sufficient facts which, if proven, would require the granting of the relief requested.

*United States v. Tracy*, 758 F. Supp. 816, 820 (D. Conn. 1991) (citations omitted; citing cases from Second Circuit and Southern District of New York).

I emphasize that the requirement that a criminal defendant make a sufficient factual showing in a motion to suppress in order to obtain an evidentiary hearing does not mean that he must always submit an affidavit with the motion. *See, e.g., United States v. Stroman,* 2006 WL 83404 (D. Me. Jan. 9, 2006), at *8 –*9. It is quite possible in many cases to meet the standard set by the First Circuit in *Lewis* without resort to an affidavit.

Finally, it bears repeating that

> [w]hen moving to suppress evidence, the defendant bears the burden of making a prima facie showing of illegal action by the government in obtaining the evidence. Reliance on vague, conclusory allegations is not sufficient to meet this standard.

*United States v. DeWoody*, 226 F.Supp.2d 956, 957 (N.D. Ill. 2002) (citation and internal quotation marks omitted; citing cases). The defendant's submission in this case does not begin to meet this standard; it offers nothing but vague, conclusory allegations.

Accordingly, I recommend that the defendant's motion to suppress be **DENIED.**

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 11th day of May, 2006.

<u>/s/ David M. Cohen</u><br>
David M. Cohen<br>
United States Magistrate Judge