UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-105-P-H-01 |
| | ) | |
| BILLY SANTANA, | ) | |
| | ) | |
| DEFENDANT | ) | |

ORDER AFFIRMING IN PART AND REJECTING IN PART
THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

The Magistrate Judge has recommended that I deny summarily the defendant's motion to suppress the product of three searches, two without a warrant and one with a warrant. The Magistrate Judge accepted the government's argument that the motion could be denied summarily and with no evidentiary hearing because the defendant offered "nothing but conclusory and speculative allegations" in his motion. Recommended Decision on Mot. to Suppress at 3 (Docket Item 230). I adopt the Recommended Decision and **DENY** the motion to suppress with respect to the search that was pursuant to a warrant. The defendant has offered nothing to show any impropriety in the warrant or the application so as to justify exclusion of evidence. Clearly he bears the burden to do so.

I do not accept the Recommended Decision as to the two warrantless searches.  Instead, I **REMAND** the case to the Magistrate Judge to conduct an evidentiary hearing on whether evidence from those searches should be suppressed.[1]  For a warrantless search, the government has the burden of proof on consent or on establishing an exception to the warrant requirement.  See, e.g., Welsh v. Wisconsin, 466 U.S. 740, 750 (1984) ("[T]he burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries."); 3A Charles Alan Wright et al., Federal Practice and Procedure: Criminal 3d § 675 ("If the search was without a warrant, the burden is on the United States to bring the case within one of the exceptions to the warrant requirement, and if it is claimed that the search was consented to, the prosecution has the burden of establishing that the consent was voluntary.") (footnotes omitted).  I conclude that the defendant is entitled to test the government's ability to meet its burden.[2]  (I recognize that standing may also be an issue as to at least one of the searches.)

---

[1] Of course the government is free to announce that it will not use any such evidence at trial.  In that event, no hearing would be necessary.

[2] Professor LaFave explains the reasoning behind the "warrant-no-warrant dichotomy" for burden of proof: "[W]hen the police have acted with a warrant 'an independent determination on the issue of probable cause has already been made by a magistrate, thereby giving rise to a presumption of legality,' while when they have acted without a warrant 'the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies.' . . . Moreover, it is said that '[w]ithout such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant.'"  3 Wayne R. LaFave et al., Criminal Procedure § 10.3 (2d ed. 1999 & Supp. 2006) (footnotes omitted).

First Circuit caselaw on the hearing requirement typically distinguishes between searches pursuant to a warrant and those without a warrant. See, e.g., United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) ("Evidentiary hearings on motions to suppress are required *only when a defendant makes a sufficient showing that a warrantless search has occurred.*") (emphasis added); accord United States v. Migely, 596 F.2d 511, 513 (1st Cir. 1979) ("Evidentiary hearings on motions under Fed. R. Crim. P. 41(e) are not granted as a matter of course; *they are required only when a defendant makes a sufficient showing that a warrantless search has occurred.*") (emphasis added). It is true that in United States v. Calderon, the court of appeals affirmed a district court's decision not to hold a hearing in a warrantless search case, placing the burden on the defendant "to allege facts, 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" 77 F.3d 6, 9 (1st Cir. 1996) (quoting Lewis, 40 F.3d at 1332). But the court of appeals also made clear that "[t]he decision to hold an evidentiary hearing is committed to the discretion of the district court and our review is for abuse of that discretion." Calderon, 77 F.3d at 9. Certainly the defendant here could have written a motion that was more enlightening (and I do not condone the absence of a legal memorandum, see Local Rule 147(a)), but I conclude that the motion was

3

sufficient to raise the two factual and legal issues of consent and probable cause.[3]

Since the government bears the burden of proof on both those issues, I believe the better course is to hold an evidentiary hearing to determine whether the government can satisfy its burden.

**SO ORDERED.**

**DATED THIS 15TH DAY OF JUNE, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] On the other hand, a blanket assertion by a defendant that "I move to suppress all the evidence" would be insufficient.  The court (and the government) is entitled to know  what is being challenged. But here the defendant's motion to suppress made clear that he is challenging the validity of the consent and the reasonableness of the search.  See Def.'s Mot. to Su[p]press Evidence at 2 (Docket Item 170).

4