**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | | |
| ) | | |
| ) | | |
| **v.** ) | **CRIMINAL NO. 05-105-P-H-01** | |
| ) | | |
| **BILLY SANTANA,** ) | | |
| ) | | |
| **DEFENDANT** ) | | |

**ORDER ON DEFENDANT'S MOTIONS**

The motion to dismiss for violation of his due process rights (Docket Item 247) is **DENIED**. The motion for review or reconsideration of detention order (Docket Item 174) is **MOOT**.

Even accepting the defendant's view that it was naked prosecutorial tactics that placed him in maximum security at the local jail during pretrial detention, I conclude that his confinement there (something over four months, but now ended) does not support dismissal of the Indictment. By bringing his original motion for reconsideration of the detention order, the defendant brought his situation to the Court's attention and, as a result of Court discussions with the United States Marshal, movement of other prisoners was accomplished so that the defendant could be assigned to ordinary pretrial confinement. The defendant believes that separating him from codefendants has made it easier for the government to prosecute the case against him and harder for him to defend. But the defendant has no standing to challenge cooperation or pleas that

codefendants may enter. He also has no legitimate challenge to the Justice Department's decision to house him separately from his codefendants. Housing of prisoners is for the most part within the authority of the U.S. Bureau of Prisons. 18 U.S.C. § 3142(i)(2) (2000) (pre-trial detainees are "committed to the custody of the Attorney General for confinement . . ."); 28 C.F.R. § 0.96 (2006) (Attorney General's authority delegated to Bureau of Prisons for matters "relating to the commitment, control, or treatment of persons . . ."); id. § 551.100 ("[T]he Bureau of Prisons houses persons who have not been convicted."). Moreover, codefendants in this case who were released pending trial were also restricted from association and communication with other codefendants by virtue of the Magistrate Judge's release order. See United States v. Sybal, No. 05-cr-105-P-H-02 at 2 (D. Me. Jan. 17, 2006) (order setting conditions of release prohibiting contact with codefendants); United States v. Westleigh, No. 05-cr-105-P-H-03 at 2 (D. Me. Jan. 19, 2006) (same); United States v. Jiminez, No. 05-cr-105-P-H-06 at 2 (D. Me. Jan. 20, 2006) (same).

If the defendant believes that he needs more time to prepare his case because attorney-client interchange was hindered during his stay in maximum security, then he may of course seek a delay of his trial.

**SO ORDERED.**

**DATED THIS 12TH DAY OF JULY, 2006**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2